Mary Feder **DAVIS, et al., Appellants,**

v.

Donald B. **GRAMMER, Appellee.**

No. 04–86–00028–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 30, 1987.

Rehearing Denied March 30, 1987.

Carl Robin Teague, San Antonio, for appellants.

Terrance J. Martin, David P. Strolle, Jr., San Antonio, for appellee.

Before CANTU, REEVES and CHAPA, JJ.

## OPINION

CANTU, Justice.

This is an appeal from an action for reformation of a deed. The appellants, Mary Feder Davis, the plaintiff below, and her five children, intervenors in the action, owned undivided interests in a piece of property in San Antonio, Texas. The property, a lot measuring 170 × 203 feet, had located upon it a veterinary hospital which was leased by a Dr. Fisher.

Davis was contacted by Joan Langelier, a real estate agent, who told Davis she had a client, Donald Grammer the appellee herein, who was interested in buying the lot. Davis contacted Ed Slezak, a commercial real estate broker, for assistance in evaluating the offer. Davis earlier had employed Terry McDonald, an attorney, to help in collecting allegedly past due rents owed by the tenant, Dr. Fisher.

Davis referred Langelier to Slezak to negotiate a sale of the property. During the course of negotiations, both Slezak and McDonald spoke to Grammer and Langelier concerning the property and the terms of the lease on the property. Davis was interested in selling the west 85 feet of the lot, but negotiations led to the execution of an earnest money contract wherein a sale of the west 105 feet of the lot was contemplated. The total sales price of the property was to be $150,000.00. Davis was to carry a wrap-around note in the amount of $115,000.00.

The parties closed the sale in March of 1981. Davis assigned the Fisher lease to Grammer as the veterinary hospital was

located on the west 105 feet of the property. In December, 1982, Davis released the lien on the property after Grammer obtained other financing and paid the wrap-around note.

Subsequently, in 1983, Davis decided to sell the remaining 65 feet of the property. She contacted a real estate agent who, after checking on the property, discovered that the deed from Davis to Grammer transferred the entire property rather than just the west 105 feet. Davis attempted to get Grammer to voluntarily reform the deed to reflect the conveyance of only the west 105 feet, but Grammer refused. Davis then filed this lawsuit for reformation.

Grammer presented evidence at trial that Davis or her agents made oral misrepresentations to him that: the Fisher lease was about to expire, when it was a ten-year lease with an option to renew for an additional ten years, and gave the tenant an option to purchase the property; that Grammer would be able to evict the tenant at any time so Grammer would be able to use the building for his own purposes; and that a loan Davis had on the property was fully assumable by Grammer when it contained a due on sale clause. Grammer also contends that he knew he was buying the entire lot, as described in the deed, and not merely the west 105 feet.

In its answers to special issues, the jury found that the parties agreed to sell and buy only the west 105 feet of the property and that the deed contains a description of the entire lot due to a mutual mistake. Additionally the jury found that Davis or her agents made false representations knowing that they were false or made them with reckless disregard for their truth, concerning: the status of the lease payments, the length of term of the lease and the right of first refusal owned by the tenant; and that Grammer relied on these representations to his detriment.

Appellants filed a Motion for Judgment wherein they sought reformation of the deed notwithstanding the jury's answers on the fraud issues. The motion was overruled and final judgment was entered in favor of Grammer that the appellants take nothing.

Points of error one and two allege error by the trial court in overruling the Motion for Judgment and in overruling appellants' Motion for New Trial because there was no evidence or insufficient evidence that Davis personally made any representations to Grammer. Points of error three and four allege that there was no evidence that Davis' agents were acting within the course and scope of their employment in making the representations.

A point asserting that there is no evidence to support a finding on an issue raises a question of law and limits this court's consideration of the evidence to that favorable to the questioned finding. *Lee v. Lee*, 424 S.W.2d 609 (Tex.1968). Thus, if there is probative evidence supporting the finding of the jury, appellant's points of error must be overruled.

On the other hand, a point asserting that the finding on an issue is not supported by sufficient evidence or that the finding is against the great weight and preponderance of the evidence raises a question of fact and requires this Court to consider all of the evidence. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

■ Special Issue No. 3 inquired:
Do you find from a preponderance of the evidence that Mary Davis or her agents, if any, made representations of material facts to Donald Grammer about:

A) Status of lease payments;

B) Length of term of the lease;

C) A right of first refusal, if any, owned by the tenant, Dr. Fisher.

The jury answered in the affirmative as to each inquiry.

Appellants are not contesting the evidence to support the jury's findings that representations were made, but rather complain that the evidence did not establish that Davis personally made the representations, or that her agents were acting within

the course and scope of their employment when such representations were made.

The statements of an agent may be attributable to the principal because, as a general rule, what the principal does through an agent he does himself. *Nahm v. J.R. Fleming & Co.*, 116 S.W.2d 1174 (Tex.Civ.App.—Eastland 1938, no writ). A real estate agent is generally a special agent, limited to showing property and finding a purchaser. *UTL Corp. v. Marcus*, 589 S.W.2d 782 (Tex.Civ.App.—Dallas 1979, no writ). An attorney is also a special agent whose powers and authority is limited to fulfillment of the duties cast upon him. *Duval County Ranch Co. v. Alamo Lumber Co.*, 663 S.W.2d 627 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.).

Davis testified that she employed Slezak to assist in selling the property, and employed McDonald to collect unpaid rents from Dr. Fisher. Slezak testified that Davis asked him to represent her on the potential sale to Grammer.

Agent was defined in the charge to the jury without objection as:

'AGENT' as that term is used herein consists of an express or implied agreement under which the agent is authorized to act for and on behalf of the principal subject to the principal's control. A principal is liable for the acts and representations of his/her authorized agent, acting in the service of the principal and in the furtherance of the principal's business, even though the principal had no knowledge of the acts and representations and did not consent to them, whether or not he/she derives benefit from them.

Slezak and McDonald were clearly agents of Davis based upon the evidence and the definition in the charge. Special Issue No. 3 inquired whether Davis *or* her agents made representations. Thus evidence that Davis personally made the representations was not required. The finding was supported by sufficient evidence that Davis' agents made representations. Consequently the court did not err in overruling appellants' Motion for Judgment and Motion for New Trial under these contentions. Points of error one and two are overruled.

Davis testified that when Joan Langelier contacted her about the property, she referred her to Ed Slezak. According to her testimony, Davis had no contact personally with Grammer until eighteen months after the sale was consummated. There is however, sufficient evidence that Davis clothed Slezak with the authority to handle negotiations concerning the property in the course of representing her in the sale.

The earnest money contract indicates that Grammer's first offer to buy the property was conditioned on his acceptance of the Fisher lease on the property. This condition was subsequently stricken, according to the evidence, after negotiations concerning the property were held. Langelier and Grammer testified that when they questioned Slezak about the lease, he (Slezak) referred them to McDonald. Slezak testified that negotiations concerning a lease on property is part of representing a client in the sale of such property.

The evidence establishes that Davis authorized Slezak to represent her in negotiating the sale. Although real estate brokers are generally considered special agents, the authority granted to Slezak was broadly expressed. Nevertheless, a special agent has the powers necessary to accomplish the purpose for which the agency was created. *Hearn v. Hanlon-Buchanan, Inc.*, 179 S.W.2d 364 (Tex.Civ.App.—Fort Worth 1944, writ dism'd w.o.m.).

An agent may delegate his authority when it is necessary to do so to conduct the business of the principal. The authority to delegate may be implied from the nature and circumstances of the agency. *Stowe v. Wooten*, 37 S.W.2d 1055 (Tex.Civ.App.—Eastland 1931), *aff'd*, 62 S.W.2d 67 (Tex. Com.App.1933). Thus if Slezak was unable to provide information concerning the lease to Grammer in the course of negotiating the sale, it was within his implied authority to refer Grammer to the attorney who could provide such information.

Furthermore, McDonald testified that he had several conversations with both Davis and Grammer or Langelier concerning the

sale. Thus, Davis directly clothed McDonald with apparent authority to deal with Grammer or his agent as her agent.

Having appointed Slezak and McDonald her agents to negotiate the sale, Davis, absent any showing to the contrary, authorized them to make representations concerning the lease. Davis, as principal, will not be permitted to retain the benefit of selling real property through inducements caused by her agent's misrepresentations and be heard to later deny that she authorized or knew of the fraudulent representations. *Loma Vista Development Co. v. Johnson,* 142 Tex. 686, 180 S.W.2d 922 (1944). We hold that the representations, which are not contested on appeal as having been made or as being fraudulent, were made in the course and scope of the agency. Points of error three and four are overruled.

In point of error five appellants allege error by the trial court in overruling the intervenors' Motion for Judgment because Grammer allegedly waived his defense of fraudulent inducement by not conclusively establishing all the elements of such. Fraudulent inducement would not prevent reformation where the fraud does not relate to the mistake in the deed. However, Grammer plead fraud only as a defense, and presented evidence that appellants should be barred in equity from reformation due to their fraud. Having obtained jury findings supporting a fraud defense, Grammer was not required to obtain separate findings on fraud in the inducement. Furthermore, Davis and the intervenors joined in the Motion for Judgment seeking judgment in their favor notwithstanding the jury's answers on the fraud issues. No independent evidence establishing a right of recovery on the part of the intervenors was offered at trial, and no jury issue concerning the intervenors' rights separate and apart from Davis was advanced nor requested. As the trial court denied the Motion for Judgment based upon the jury answers which established the elements of fraud against Davis or her agent, there was no error in overruling the intervenors' motion since it was jointly tendered by intervenors and Davis as comovants. Point of error five is overruled.

In points of error six and seven, appellants complain of the legal and factual sufficiency of the evidence to support the jury's affirmative answer to Special Issue No. 7, which inquired whether Grammer relied on representations of Davis or her agents to his detriment. Appellants allege that Grammer suffered no actionable loss as a result of his reliance. In points of error eight and nine, appellants allege that Grammer had other adequate remedies to relieve him of any losses.

In assaying the legal and factual sufficiency of evidence to support a jury finding we adhere to the standards above mentioned. *Lee v. Lee, supra; Garza v. Alviar, supra.*

Grammer testified that when he first made an offer on the property, he conditioned his offer on his acceptance of the lease. He testified that McDonald represented that Fisher was three to four thousand dollars behind on the rental payments and could be evicted at any time. According to Grammer, he was interested in purchasing the property because he wanted to use the building for his expanding computer business. He testified that he never talked to Fisher personally or saw the lease, but was told by Slezak that Fisher did not want the property.

Dr. Fisher and his attorney, Jim Bass, testified that Slezak notified them that Davis was interested in selling the property. Fisher and Bass notified Slezak of the right of first refusal, and told Slezak to present them with whatever offer Davis received. According to the testimony, Fisher and Bass never heard anything further concerning the property until Grammer contacted them purporting to be the new owner. The offer by Grammer was never communicated to Fisher. Fisher denied having been past due on the rent more than just a few days. The evidence also established that Grammer had been unsuccessful in evicting Fisher because of an option in Fisher's lease to renew for ten years, and because Fisher was not behind in his rent.

We find that there was evidence of probative force and that the evidence was sufficient to support the jury's finding that Grammer relied on the representations concerning the status of the lease and the tenant's right of first refusal.

Appellants, however, argue that TEX. BUS. & COM.CODE ANN. sec. 27.01 (Vernon 1968)[1] provides a statutory cause of action for fraud in real estate transactions. The elements of fraud in section 27.01 are the same as the elements of common law fraud. *Trenholm v. Ratcliff*, 646 S.W.2d 927 (Tex.1983). The measure of damages in section 27.01 is the difference between the real estate as represented and its actual value in the condition it was delivered at the time of the contract. Appellants argue that Grammer failed to establish that any damages occurred or if they did what the difference of the land value, if any, was.

Grammer replies that he plead fraud as an affirmative defense to appellants' cause of action, and was not seeking damages. Rather he sought to establish the fraud defense as a bar to reformation of the deed, by claiming that appellants did not have "clean hands" and so were not entitled to invoke the equitable powers of the court. Thus, Grammer maintains he had no reason to prove damages or that he suffered an actionable loss. Nevertheless, Grammer argues that he did establish a loss insofar as he had to refinance the property at a higher interest rate when Davis' bank called the loan, and he incurred additional expenses in having to rent office space elsewhere since he couldn't use the building on the property because of the Fisher lease.

Grammer testified that he knew the deed conveyed the entire property to him prior to closing, but he did not tell appellants because of other changes made in the original offer that he did not want. Thus Grammer alleges that he decided to buy the property on the appellants' terms only because he knew he was getting the entire lot. The jury finding that there was a mutual mistake in the deed description is supported by the appellants' contention that they were not aware that the deed conveyed the entire lot. Knowledge by one party that a deed contains an erroneous property description combined with knowledge that the other party does not know of the mistake is tantamount to mutual mistake. *See Spellman v. American Universal Investment Co.*, 687 S.W.2d 27 (Tex. App.—Corpus Christi 1984, writ ref'd n.r. e.).

We agree that Grammer was not required to prove that an actionable loss occurred in order to prevent reformation by interposing fraud as a defense. Points of error six and seven are overruled. However, in order to prevent reformation the fraud must concern the mistake in the property description.

Grammer concedes the deed did not convey the property for which the parties originally negotiated, as evidenced by the earnest money contract. He was not fraudulently induced to buy the entire property by a false representation concerning the property description. Fraud resulting from representations pertaining to the lease would be actionable through rescission and cancellation or an action for monetary damages. Grammer however, did not seek such affirmative relief in this cause. Furthermore, Grammer did not establish fraud relating to the property description, and therefore did not establish a basis to prevent reformation. That Grammer may now be barred by limitations from seeking alternative relief is a result of his failure to commence proceedings for affirmative relief when he learned of the true status of the lease. Nevertheless, the fact that Grammer had other adequate remedies is irrelevant as he through choice asserted fraud only as a defense. Points of error eight and nine are overruled.

■ Appellants have failed to raise a point of error complaining of the court's failure to reform the deed on the basis that fraud in the transaction prevents reforma-

1. Section 27.01 was amended effective September 1, 1983. However, the amendment provides that fraud occurring before the effective date is governed by the 1968 version. Thus, all references in this opinion to art. 27.01 refer to the article in effect prior to the 1983 amendment.

tion. Rather, they argue on appeal only that Grammer failed to prove fraud in the inducement.

Although reformation would not be barred by proof of fraud that is not related to the erroneous property description in the deed, none of the points of error raised by appellants assert that they were entitled to reformation irrespective of the fraud findings.[2] The only allegations raised are that the evidence was insufficient to establish the elements of fraud. Thus appellants, have elected to challenge only the sufficiency of evidence in support of the fraud issues rather than the trial court's refusal to grant reformation in spite of the findings of fraud. We are under no duty to reframe appellant's points to provide relief not requested. Thus, finding no point of error requiring reversal, the judgment of the trial court is affirmed.

REEVES, Justice, concurring.

I concur in the judgment denying reformation of the deed.

■ In points of error eight and nine appellants complain that the trial court erred in not reforming the deed since Grammer had other adequate remedies under which to recover the damages he suffered as a result of the fraud. While these points and their respective arguments perhaps are not drafted as artfully as they might have been, I believe they sufficiently raise the issue of whether the fraud found by the jury negates the appellants' right to reformation under the "unclean hands" doctrine.

The party to a suit, complaining that his opponent is in court with "unclean hands" because of the latter's conduct in the transaction out of which litigation arose, or with which it is connected must show that he himself has been injured by such conduct, to justify the application of the principle to the case. The wrong must have been done to the defendant himself and not to some third party. *Omohundro v. Matthews,* 161 Tex. 367, 341 S.W.2d 401, 410 (1960).

■ As pointed out in the majority opinion, there was evidence to support the jury's findings that Grammer was defrauded and was injured by the fraud. Hence, the unclean hands defense was available.

CHAPA, Justice, dissenting.

I respectfully dissent and would grant reformation of the deed.

I agree with the court's opinion that Grammer failed to establish fraud relating to the property description, and therefore did not establish a basis to prevent reformation. The alleged fraud, which was the basis of the "unclean hands" defense, admittedly had no connection with the description which was sought to be reformed. Further, the "unclean hands" defense is asserted by one with unclean hands considering Grammer admitted that he knew the property description was erroneous and failed to disclose the error before closing. Therefore, I disagree with the concurring opinion that reformation should be denied because of the application of the "unclean hands" doctrine.

■ The court's opinion contends on the other hand that although Davis is entitled to reformation notwithstanding the fraud findings, this relief should be denied because the points of error are not properly framed. In this respect, I disagree with the court's opinion and agree with the concurring opinion to the extent that points of error eight and nine, and their respective arguments, although not artfully drafted, are sufficiently framed to raise the issue of reformation notwithstanding the fraud findings.

TEX.R.APP.P. 74(d), among other things, provides "A point is sufficient if it directs the attention of the appellate court to the error about which complaint is made." Rule 74(p) further provides: *"Briefing Rules to be Construed Liberally.* ... a substantial compliance with these rules will suffice in the interest of justice; ..."

---

**2.** As recognized *ante,* appellants urged their motion for judgment seeking reformation of the deed notwithstanding the jury's answers on the fraud issues but have not carried their complaint forward on appeal.

In points of error eight and nine, the complaint is that the trial court *improperly overruled Davis' motion for judgment and motion for new trial* since Grammer had other adequate remedies under which to recover any damages suffered as a result of the fraud. As pointed out in the majority opinion, the motion for judgment clearly sought reformation notwithstanding the jury's answers on the fraud issues. After argument, Davis' brief contends: "Under the circumstances, this court should set aside the application of the 'unclean hands' defense and sustain points of error 8 and 9." Further, in her prayer Davis requests reformation as her initial relief.

Therefore, the points of error and arguments are sufficiently framed to raise the issue of reformation notwithstanding the fraud findings. The "unclean hands" principle is not applicable under these circumstances. Hence, reformation should be granted.