**Mary Feder DAVIS et al., Petitioners,**

**v.**

**Donald B. GRAMMER, Respondent.**

**No. C–6421.**

Supreme Court of Texas.

May 11, 1988.

Rehearing Denied June 22, 1988.

Carl Robin Teague, San Antonio, for petitioners.

Terrence J. Martin and Linda Kaplan, Hornbuckle, Martin & Camp, P.C., San Antonio, for respondent.

ROBERTSON, Justice.

This suit was brought by petitioners, the Davises, for reformation of a deed. The trial court rendered judgment that the Davises take nothing, and the court of appeals affirmed. 727 S.W.2d 18 (Tex.App. 1987). The issue is did the Davises preserve error as to whether fraudulent conduct that has no connection with the property description sought to be reformed can be made the basis of an "unclean hands" defense. The court of appeals held that the Davises would have been entitled to relief if they had properly preserved points of error on this issue. We find that such error was preserved and therefore reverse and remand.

Mary Feder Davis and her children owned a lot in San Antonio that was 170 feet wide. They agreed to sell the west 105 feet of the lot to Donald B. Grammer. After the closing of the sale, Mary Davis learned that because of a mistake by a title company, her deed to Grammer transferred the entire property rather than just the west 105 feet. Davis attempted to get Grammer to voluntarily reform the deed to reflect the parties' agreement that only the west 105 feet was being sold. Grammer refused to do so, even though, by his own admission, he knew at the closing that there was a mistake in the property description. Davis then filed this suit for reformation.

Grammer presented fraud only as a defense to reformation, and did not plead for damages. He claimed that Davis had "unclean hands" and thus was not entitled to invoke the equitable powers of the court. Grammer presented evidence at trial that Davis or her agents represented that the tenant on the property was subject to a lease which was about to expire, that Grammer would be able to evict the tenant at any time to use the building for Grammer's own purposes, and that a loan Davis had on the property was fully assumable. The jury found that the representations were false, that Davis or her agents knew they were false or made the representations with reckless disregard of the truth, that the statements were made with the intent to induce Grammer to rely on them, and that Grammer did rely on these representations to his detriment. The jury also found that the parties made an agreement whereby Davis agreed to sell and Grammer agreed to buy only the west 105 feet of the lot, not the entire lot. Finally, the jury found that "because of the 'mutual mistake' of all parties," the deed contained a description of the entire lot instead of just the west 105 feet. The trial court rendered judgment that Davis take nothing.

The majority opinion of the court of appeals recognized that in order to prevent reformation, the fraud must concern the mistake in the property description. The court held, however, that Davis failed to raise a point of error on this issue. The dissenting opinion disagreed, and asserted that points of error in the court of appeals were sufficiently framed to raise the issue of reformation notwithstanding the fraud findings.

The rules of appellate procedure provide that the rules regarding briefing are to be construed liberally. Tex.R.App.P. 74(p). The rules also provide that a brief is sufficient in the court of appeals "if it directs the attention of the appellate court to the error about which complaint is made." Tex.R.App.P. 74(d). We hold that the Davises' points of error in the court of appeals preserved the issue of reformation notwithstanding the fraud findings.

The points of error referred to complain of the trial court's overruling of Davis' motion for judgment because Grammer had other adequate remedies to relieve him of losses he might have suffered on account of any fraudulent representations. In the argument under these points, Davis points out that if Grammer was defrauded with regard to the tenure of the tenant's lease, his remedy is to affirm the agreement and recover damages for fraud or obtain cancellation of the deed. Davis also asks the court to set aside the application of the "unclean hands" doctrine. We deem Davis' argument sufficient to preserve the point that any fraud on Davis' behalf concerned the tenant and his lease, not the property description.

■ Since Davis preserved this point, she is entitled to relief. A party is entitled to reformation of a deed upon proving the party had reached an agreement with the other party but the deed did not reflect the true agreement because of a mutual mistake. *Thalman v. Martin,* 635 S.W.2d 411, 413 (Tex.1982). Unilateral mistake by one party, and knowledge of that mistake by the other party, is equivalent to mutual mistake. *Cambridge Companies, Inc. v. Williams,* 602 S.W.2d 306, 308 (Tex.Civ. App.—Texarkana 1980) (citing *Warren v. Osborne,* 154 S.W.2d 944 (Tex.Civ.App.— Texarkana 1941, writ ref'd w.o.m.), *aff'd on other grounds,* 615 S.W.2d 172 (Tex.1981)).

■ In order to prevent reformation, Grammer would have had to show that Davis' fraudulent conduct concerned the mistake in the property description. The "unclean hands" doctrine cannot be used as a defense if Davis' unlawful or inequitable conduct is merely collateral to her cause of action. *See Grohn v. Marquardt,* 657 S.W.2d 851, 855 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

We reverse the judgment of the court of appeals and remand the cause to the trial court. The trial court is ordered to render judgment reforming the deed to convey only the west 105 feet of the property in question.

WALLACE, J., notes his dissent.