NO. 07-09-00298-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



APRIL
29, 2010

 



 

KCCC PROPERTIES, INC., APPELLANT

 

v.

 

QUALITY VENDING, INC., APPELLEE 



 



 

 FROM THE 237TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2007-540,207; HONORABLE SAM ABEL MEDINA, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

OPINION

 

 

Appellant, KCCC Properties, Inc.
(KCCC), appeals a judgment following a bench trial that reformed a deed and a
compromise settlement agreement to reflect the transfer of only one tract of
land to KCCC from Quality Vending, Inc. (Quality).  We affirm the judgment of the trial court.

 

 

 

Factual and Procedural Background

            On
March 24, 2004, a lease with option to purchase was executed by KCCC, through
its President, Lester Payne, and Quality, through its officer, Jack Basden.[1]  The property subject to the lease and option
to purchase was described as:

Lot 1 and the West 35 feet of Lot 2, Clutter 2nd
Addition, an addition to the City of Lubbock, Lubbock County, Texas. (Street address: 902 East 34th Street, Lubbock[,] Texas)

 

On June 2, 2006, KCCC filed, in the
public records of Lubbock County, Texas, a document, bearing document number
2006022694, styled “Notice of Lease With Option To
Purchase.”  The property described in the
document is the same property described in the lease with option to purchase
set out above.  

            Subsequently,
on October 19, 2006, Quality filed a declaratory judgment action seeking to
quiet title to property it owned and in which KCCC was claiming an interest.[2]  KCCC filed an answer to the lawsuit in which
KCCC stated that Quality had agreed to sell the real property that was the
subject of the lawsuit to KCCC.  Both
Quality and KCCC described the real property at issue in the 2006 lawsuit as
that property covered by the lease with option to purchase and the Notice of
Lease With Option to Purchase filed in the deed
records of Lubbock County, Texas.  Before
trial, the parties executed a compromise settlement agreement and release of
claims, and a special warranty deed was drawn transferring the real property
from Quality to KCCC.  However, the
compromise settlement agreement, release, and deed described the property as:

            Tract
I:

LOT ONE (1) and the West 35 feet of LOT TWO (2), BLOCK TWO (2), CLUTTER
SECOND ADDITION to the City of Lubbock, Lubbock County, Texas, according to the
Map, Plat and/or Dedication Deed thereof recorded  in Volume 321, Page 132 of the Deed Records
of Lubbock County, Texas.

Tract II:

LOTS ONE (1) and TWO, BLOCK ONE (1), CLUTTER SECOND ADDITION to the
City of Lubbock, Lubbock County, Texas, according to the Map, Plat and/or
Dedication Deed thereof recorded in Volume 321, Page 132 of the Deed Records of
Lubbock County, Texas.

 

After execution of the compromise
settlement agreement and release of claims, an agreed order of dismissal was
signed by the trial judge on January 24, 2007, dismissing cause number
2006-536,901.  

            On
August 3, 2007, Quality filed the present lawsuit to reform and/or rescind the settlement agreement and special warranty
deed.  Trial was to the court without a
jury and, as a result of the trial, judgment was granted reforming the
settlement agreement and the special warranty deed.  In each document, the reference to the second
tract was ordered removed and the documents were reformed to reflect the
transfer of only Tract I.  The trial
court filed findings of fact and conclusions of law.  At the request of KCCC, the trial court filed
additional findings of fact and conclusions of law.

KCCC appeals the judgment reforming
the settlement agreement and deed.  KCCC
contends that the trial court erred because it failed to apply the principals
of res judicata
to give conclusive effect to the original 2006 judgment.  In the alternative, KCCC contends that the
trial court erred in reforming the compromise settlement agreement and special
warranty deed because Quality was conclusively bound by the terms of the
documents.  Disagreeing with KCCC, we
will affirm the judgment of the trial court.

Res Judicata

            KCCC
complains that the trial court failed to properly apply the law when
determining the applicability of KCCC’s claim preclusion theory of res judicata
to the facts of this case.  Res judicata
is a generic term that describes the effects given to final judgments.  Steger v. Muenster Drilling Co., Inc.,
134 S.W.3d 359, 368 (Tex.App.—Fort Worth 2003, pet.
denied).  It is normally explained as
either claim preclusion (res judicata) or issue preclusion (collateral estoppel).  Id.  As claim preclusion, res judicata prevents the relitigation of a claim or cause of action that has been
finally adjudicated, as well as related matters that, with the use of
diligence, should have been adjudicated. 
 Barr v. Resolution
Trust Corp., 837 S.W.2d 627, 627 (Tex. 1992).  To succeed with a claim of res judicata, the
proponent is required to prove three elements: 1) prior final judgment on the
merits by a court of competent jurisdiction; 2) identity of parties or those in
privity with them; and 3) a second action based on
the same claims that were raised or could have been raised in the first
action.  Amstadt v. U.S. Brass
Corp., 919 S.W.2d 644, 652 (Tex. 1996).  Texas courts follow the transaction approach
that bars subsequent lawsuits that arise out of the same subject matter as the
prior lawsuit when that subject matter could have been litigated in the prior
lawsuit.  Citizens
Ins. Co. of Am. v. Daccah, 217 S.W.3d 430, 449
(Tex. 2007).  A determination of
what constitutes the subject matter of a suit necessarily requires an
examination of the factual basis of the claim in the prior lawsuit.  Barr, 837 S.W.2d at
630.  Put another way, we must
analyze the factual matters that make up the gist of the complaint.  Id. 

Standard of Review

            Because
we are required to examine the factual basis of KCCC’s claim of res judicata, we
must also take into consideration the findings of fact and conclusions of law
prepared and filed by the trial court. 
Findings of fact in a case tried to the court have the same force and
dignity as a jury's verdict upon questions. 
Anderson v. City of Seven Points, 806 S.W.2d
791, 794 (Tex. 1991).  Therefore,
we evaluate the sufficiency of the evidence to support those findings by the
same standards for evaluating the legal and factual sufficiency of the evidence
to support a jury verdict.  See Catalina
v. Blasdel, 881 S.W.2d 295, 297
(Tex. 1994).  Under the legal sufficiency
standard, we must credit evidence that supports the judgment if a reasonable
fact finder could, and we must disregard contrary evidence unless a reasonable
fact finder could not.  See City of Keller v. Wilson, 168 S.W.3d 802, 827
(Tex. 2005).  Unless there is no
favorable evidence to support the challenged finding or the contrary evidence
renders supporting evidence incompetent or conclusively establishes the
opposite of the finding, we must affirm. 
See id. at 810–11.  In reviewing the factual sufficiency of the
evidence, we consider all the evidence and will set aside the finding only if
the evidence supporting the finding is so weak or so against the overwhelming
weight of the evidence that the finding is clearly wrong and unjust.  Dow Chem. Co. v. Francis,
46 S.W.3d 237, 242 (Tex. 2001).

            A
trial court's conclusions of law are always reviewable.  Farmers Ins. Exch. v.
Neal, 120 S.W.3d 493, 494 (Tex.App.—Texarkana
2003, no pet.); Westech Eng'g,
Inc. v. Clearwater Constructors, Inc., 835 S.W.2d 190, 196 (Tex.App.—Austin 1992, no writ).  Since a trial court has no discretion in
determining what the law is or applying the law to the facts, we review a trial
court's conclusions of law de novo.  See In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994).  Conclusions of law "will be upheld on
appeal if the judgment can be sustained on any legal theory supported by the
evidence" and, unless erroneous as a matter of law, will not be
reversed.  Westech Eng'g, Inc., 835 S.W.2d at 196.  In conducting a de novo review, we may
reexamine legal conclusions drawn from specific findings of fact contained in
the record.  Id. at 196 n.1.  We
exercise our own judgment on each issue and afford no deference to the original
tribunal's decision.  See Quick
v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1999).

Analysis

            Our
analysis begins with the trial court’s findings of fact.  After hearing the evidence, the trial court
found that:

3. On March 18, 2004, Quality and KCCC Properties, Inc. (KCCC) executed
an “option to purchase real estate” described as follows:

Lot 1 and W 35’ of Lot 2, Block 2, Clutter 2nd
Addition, Lubbock County, Texas (902 E. 34th, Lubbock, TX 79404)
[This property is Tract 1 of the property conveyed to Quality on September 21,
2000.]

4. KCCC rented the property described in the option to purchase real
estate until June, 2006.

5. On June 6, 2006, KCCC filed for record with the Lubbock County
Clerk, in document number 2006022694, its:

            Notice
of Lease with Option to Purchase

            Notice
of Exercise of Option to Purchase

6. The June 6, 2006 documents referenced only Tract I property
previously described as follows:

Lot 1 and the West 35 feet of Lot 2, Block 2, Clutter
2nd Addition, an addition of City of Lubbock, Lubbock County, Texas
(Street address: 902 East 34th Street, Lubbock[,] Texas)

 

The trial court further found that
KCCC tendered a check for $7,500 for the purchase of the subject property, but,
Quality did not negotiate the check. 
Subsequently, Quality filed the 2006 lawsuit seeking to set aside the
“exercise of the option to purchase.” 
Finally, the trial court found, in finding of fact 10, that:

The parties discussed the issues in dispute between them and on
November 6, 2006, KCCC filed its “First Answer of Defendant,” stating that the
case had been settled in accordance with the option to purchase dated March 24,
2004, and the Notice of Lease with Option to Purchase and Notice of Exercise of
Option to Purchase filed in the Official Public Records of Lubbock County,
Texas (document number 2006022694).

 

            Our
review of the record reveals that these findings of fact are supported by the
exhibits offered and the testimony of the witnesses.  Thus, we have determined that the evidence is
legally sufficient to support the findings of fact.  City of Keller, 168
S.W.3d at 810-11.  From a factual
sufficiency perspective, we cannot say that the evidence supporting the finding
is so weak or so against the overwhelming weight of the evidence that the
findings are clearly wrong and unjust.  Dow Chem. Co. 46 S.W.3d at 242.

            When
these findings, and the evidence supporting them, are applied to the law of res judicata,
we are left with the conclusion that the subject matter of the 2006 lawsuit was
limited to Tract I.  Citizens Ins. Co.
of Am., 217 S.W.3d at 449.  This being so, KCCC, as the proponent of res judicata,
has failed to prove the third element of a claim of res judicata, that the second action is
based on the same claims that were raised or could have been raised in the
first action.  Amstadt,
919 S.W.2d at 652. 
Accordingly, we overrule KCCC’s first issue.

Error in Granting Reformation

            By
its second issue, KCCC contends that the trial court erred in granting
reformation of the deed in question because Quality was conclusively bound by
the terms of the documents previously executed between the parties.  It is unclear whether KCCC’s alternative
second issue is attacking the legal sufficiency of the evidence to support the
trial court’s judgment of reformation of the deed or the trial court’s
application of the law to the facts.  We
will address each argument, beginning with the second argument.    

            If
KCCC is attacking the trial court’s application of the law to the facts as
found by the trial court, we view the issue as simply a recasting of the
argument made by KCCC in its first issue. 
As we have determined that issue, we will not further address that
issue.

If KCCC is claiming that the evidence
was legally insufficient to support the trial court’s judgment, then we are
left with trial court findings that have not been challenged on appeal.  These unchallenged findings are binding upon
this court, unless the contrary is established as a matter of law.  McGalliard v. Kuhlmann, 722 S.W.2d 694, 696
(Tex. 1986).  With that
understanding, we will analyze the issue under the standards of review for a
challenge to the legal sufficiency of the evidence, as set forth above.

Reformation of a deed

            In
Davis v. Grammer, 750 S.W.2d 766, 768 (Tex.
1988), the Texas Supreme Court noted that a party is entitled to reformation of
a deed upon proving that the parties to a transaction had reached an agreement
but the deed executed by the parties did not reflect the true agreement because
of mutual mistake.  Previously, the Texas
Supreme Court had stated that, “Equity has jurisdiction to reform written
instruments in cases of mutual mistake, but a written contract will not be
reformed in equity because of a mistake, in the absence of fraud, unless it is
mutual, that is, common to both parties, and each under the same mistake as to
its terms.”  St.
Paul Fire & Marine Ins. Co. v. Culwell, 62
S.W.2d 100, 101 (Tex. 1933). 
Further, the Court has reaffirmed that mutual mistake is not determined
by self-serving statements of the parties’ intent, but rather soley by objective circumstances surrounding the execution
of the deed.  See
Myrad Props., Inc. v. LaSalle Bank Nat’l Ass’n, 300 S.W.3d 746, 751 (Tex. 2009).  Finally, courts are authorized to award
rescission to avoid unjust enrichment in cases based upon mistakes.  Id. 

Analysis

            The
trial court’s findings of fact, as set forth in detail in the first issue, and
the evidence reflected in the record at trial, support the proposition that the
parties had reached an agreement concerning Tract I.  The record also supports the proposition that
Tract I was the only subject matter of the earlier lawsuit.  Additionally, the trial court found, and the
record supports, that both parties believed that KCCC was buying only Tract I
from Quality.  See St. Paul
Fire & Marine Ins. Co., 62 S.W.2d at 101.  Therefore, both parties executed the deed in
question under the belief that they were transferring Tract I alone.  Yet, their actions had the result of
transferring Tract II to KCCC despite the expressed desire, as found by the
trial court, to transfer only Tract I.  See Myrad Properties,
Inc., 300 S.W.3d at 751. 
According to the findings of the trial court, as supported by the
record, KCCC would be unjustly enriched if the deed was not reformed. See
id.  All of these facts found by
the trial court support the reformation of the deed and are unchallenged.   See McGalliard,
722 S.W.2d at 696. 
Therefore, we overrule KCCC’s second issue.

Conclusion

            Having overruled KCCC’s two issues, we affirm the
judgment of the trial court.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 











[1] Quality denied the authority of Jack Basden to execute a lease with option to purchase.

 





[2] The 2006 lawsuit was number
2006-536,901, filed in the 72nd District Court of Lubbock County,
Texas.