# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00183-CV

**John William Ussery, Appellant**

**v.**

**Laura Catherine Ussery, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 09-2874-F425, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this pro se appeal from a divorce decree, appellant John William Ussery challenges the trial court's property division and the denial of his request for a bench warrant to permit his physical presence at trial. For the reasons that follow, we affirm the decree.

## BACKGROUND

Ussery and appellee Laura C. Steczkowski[1] were married in September 1997.

In 2007, Ussery was convicted on three counts of indecency with a child by contact and sentenced to twenty years on each count, with two of his sentences running consecutively and the third running concurrently.

---

[1] The divorce decree granted appellee's request to change her name to Laura Catherine Steczkowski. Her name prior to the divorce was Laura Catherine Ussery.

In September 2009, Steczkowski filed for divorce. She sought confirmation of her separate property, including real property that the parties purchased shortly after they married. The real property was 20 acres of land with a home that the parties had built during their marriage. After his incarceration, Ussery executed a deed conveying all of his interest in the real property to Steczkowski. Steczkowski also sought a disproportionate share of the community estate based upon Ussery's fault in the breakup of the marriage, the wasting of community assets, and incurred attorney's fees.

Prior to trial, Ussery filed a motion for issuance of a bench warrant or, alternatively, that he be permitted to participate in the trial by means of a telephone conference. He contended that his physical presence at trial was essential to a full and fair determination because of credibility and demeanor issues, the substantial value of the community property involved, and the parties' dispute as to whether certain assets were separate or community property. The trial court denied Ussery's motion but ordered a procedure for Ussery to submit documents, such as "any affidavit" or "proposed disposition of property," for consideration at trial.

A bench trial was held in March 2010. In accordance with the procedure set forth in the order denying Ussery's request for a bench warrant, the trial court admitted documents that Ussery submitted. The documents included Ussery's proposed property division, a declaration by him, discovery responses by Steczkowski, a letter from Steczkowski to Ussery dated December 14, 2009, and an affidavit by a witness concerning the transfer of the real property. In the declaration, Ussery states that the parties "live[d] together as 'common-law' husband and wife" beginning in the winter of 1990 to 1991 until they were formally married in 1997, and that the real

2

property and funds in a 401k account from Steczkowski's work were community property. In her December 2009 letter to Ussery, Steczkowski states that "I haven't seen the suit," but that she "thought it would just be filing [] irreconcilable differences, not any accusations." In the affidavit, the witness averred that Steczkowski wanted Ussery to transfer the real property to her because she was afraid that he would be sued after he was incarcerated.

The witnesses who testified at trial were Steczkowski and her attorney. Her attorney testified that Steczkowski had incurred attorney's fees of $2,500 in the divorce proceeding. Steczkowski testified concerning the parties' marriage, reasons for the divorce, incurred attorney's fees in Ussery's criminal proceedings, values of assets, amounts of credit card and other debts, and her proposed property division. She testified that Ussery's conduct and subsequent convictions were reasons for the breakup of the marriage and that the parties "spent approximately $43,000" in attorney's fees and other fees in criminal defense costs. The exhibits included Steczkowski's proposed property division, statements showing the balance in Steczkowski's 401k account on October 1, 1997, and December 31, 2009, the special warranty deed in which Ussery conveyed his interest in the real property to Steczkowski, and bank and credit card statements. The balance in the 401k account was $22,600 on October 1, 1997, and $185,545 on December 31, 2009.

At the close of the evidence, the trial court granted the divorce and divided the estate of the parties. The trial court awarded Steczkowski the real property and the amount of $22,600 from the 401k account as her separate property and all of the community property, except furniture and household items in Ussery's possession, an amount of $20,000 from the 401k account, and guns and music equipment. This appeal followed.

3

**ANALYSIS**

In two issues, Ussery contends that the trial court abused its discretion by failing to divide the estate of the parties in a just and right manner and by failing to issue a bench warrant to permit Ussery to attend the trial.

***Division of Property***

In his first issue, Ussery challenges the property division. He contends that the trial court erred by characterizing the real property and the amount of $22,600 in the 401k account as Steczkowski's separate property and by awarding a disproportionate share of the community estate to Steczkowski. We review property division issues for abuse of discretion. *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Mandell v. Mandell*, 310 S.W.3d 531, 538-39 (Tex. App.—Fort Worth 2010, pet. denied). The test for abuse of discretion is "whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

In a divorce proceeding, the trial court is charged with dividing the community estate in a just and right manner, giving due regard to the rights of each party. *See* Tex. Fam. Code Ann. § 7.001 (West 2006). Trial courts are not required to divide the property equally. *See Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). They are afforded wide discretion in dividing the community estate, and we must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion. *See Mandell*, 310 S.W.3d at 538-39. Factors that courts may consider in dividing the estate include the spouses' capacities and abilities, relative financial condition and obligations, nature of the property, fault in the breakup of the marriage, and wasting

4

of community assets by a spouse. *See Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998) (court may consider many factors including wasting of community assets); *Murff*, 615 S.W.2d at 698-99 (factors that court may consider discussed); *Schaban-Maurer v. Maurer-Schaban*, 238 S.W.3d 815, 820-21 (Tex. App.—Fort Worth 2007, no pet.) (court may consider fault in breakup of marriage).

When reviewing an alleged property characterization error, we determine whether the trial court's finding is supported by clear and convincing evidence and whether the characterization error, if established, was an abuse of discretion. *Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007, pet. denied); *see also* Tex. Fam. Code Ann. § 3.003(b) (West 2006) (degree of proof necessary to establish separate property is "clear and convincing evidence"). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support a finding of separate property. *Magness*, 241 S.W.3d at 912. Further, in a non-jury trial, when no findings of fact or conclusions of law are filed or requested, as is the case here, we must presume that the trial court made all the necessary findings to support its judgment. *See Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986). If the trial court's implied findings are supported by the evidence, we must uphold its judgment on any theory of law applicable to the case. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

Separate property is property owned or claimed by a spouse before marriage or acquired by gift, devise, or descent during marriage. Tex. Const. art. XVI, § 15; Tex. Fam. Code Ann. § 3.001 (West 2006). A deed for property from one spouse as grantor to the other spouse as grantee creates a presumption that the grantee spouse received the property as separate property by

gift.  *Magness*, 241 S.W.3d at 912.  The presumption may be rebutted by proof the deed was procured by fraud, accident, or mistake.  *Id*. at 912-13.

Ussery contends and stated in his declaration to the trial court that the real property was community property, but he does not dispute that he signed the deed transferring the real property, and the deed with his signature was an exhibit at trial.  Steczkowski also testified that Ussery signed the deed after he was incarcerated and that a sergeant at the prison notarized his signature.  This evidence creates a presumption that the real property was Steczkowski's separate property by gift and, therefore, is some evidence of a substantive and probative character to support a finding that Ussery gave his interest in the real property to Steczkowski.  *See id*. at 912.

Further, even if the trial court credited the witness's averment that Steczkowski's stated reason for wanting Ussery to transfer the real property to her was because she was afraid that he would be sued after he was incarcerated, this evidence does not support that Steczkowski procured the deed from Ussery by fraud, accident, or mistake.  *See id.* at 912-13.  There was no evidence that would support a finding that Ussery lacked understanding or that Steczkowski was aware of a lack of understanding on his part that the execution of the deed transferred his interest in the real property. *See Davis v. Grammar*, 750 S.W.2d 766, 768 (Tex. 1988) ("Unilateral mistake by one party, and knowledge of that mistake by the other party, is equivalent to mutual mistake."). There also was no evidence to support a finding that Steczkowski's alleged stated reason for seeking the real property transfer was false.  *See Bradford v. Vento*, 48 S.W.3d 749, 754-56 (Tex. 2001) (elements of fraud include a material misrepresentation "with knowledge of its falsity or made recklessly without any knowledge of the truth").

6

As to the amount of $22,600 in the 401k account, Ussery stated in his declaration that the parties were "'common-law' husband and wife" at the time that the funds accrued. *See* Tex. Fam. Code Ann. § 2.401(a) (West 2006).[2] Steczkowski testified, however, that the amount of $22,600 was "the portion of my 401k that I had put in prior to the marriage," and that the parties were married in September 1997. The 401k statement showing the balance of $22,600 as of October 1, 1997, was admitted as an exhibit. This evidence is some evidence of a substantive and probative character to support a finding that Steczkowski acquired the amount of $22,600 in the 401k account prior to the parties' marriage and, therefore, that it was her separate property. *See* Tex. Const. art. XVI, § 15; Tex. Fam. Code Ann. § 3.001; *Magness*, 241 S.W.3d at 912.

Further, even if we were to conclude that the real property and the amount of $22,600 in the 401k account were community property, we would not conclude that the trial court abused its discretion in its property division. *Magness*, 241 S.W.3d at 912. The trial court could have considered and found that the relative financial condition and obligations of the parties supported a disproportionate division. As part of the division, Steczkowski was awarded debts,

---

[2] Section 2.401(a) of the family code provides:

(a)   In a judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that:

    (1)   a declaration of their marriage has been signed as provided by this subchapter; or

    (2)   the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married.

Tex. Fam. Code Ann. § 2.401(a) (West 2006).

including approximately $40,000 in credit card debt, and, according to her discovery responses, the outstanding balance of the mortgage on the real property was $175,000. The trial court further could have found that Ussery was at fault in the breakup of the marriage and wasted community assets. Although Steczkowski stated in her December 2009 letter to Ussery that she thought that the divorce "would just be filing [] irreconcilable differences, not any accusations," she testified that the community estate incurred $43,000 in criminal defense costs and that Ussery's conduct and subsequent convictions were reasons for the breakup of the marriage. At the time of the divorce, Ussery was serving two of his twenty-year sentences with another twenty-year sentence to follow.

On this record, we conclude that the trial court did not abuse its discretion by awarding the real property and the amount of $22,600 in the 401k account to Steczkowski or by dividing the estate of the parties disproportionately. We overrule Ussery's first issue.

### Bench Warrant

In his second issue, Ussery challenges the trial court's denial of his request for a bench warrant.[3] We review the denial of a bench warrant under an abuse of discretion standard. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003).

Litigants cannot be denied access to the courts simply because they are inmates, but an inmate does not have an absolute right to appear in person in every court proceeding. *See id.* The trial court must weigh the inmate's right to appear against the "protection of our correctional system's integrity," and the burden is on the inmate to establish a right to relief. *Id*. at 165-66. The

---

[3] Ussery does not challenge the trial court's denial of his alternative request for relief to participate in the trial by means of a telephone conference.

inmate must provide the trial court with sufficient factual information to allow the court to assess the necessity of his appearing at the relevant hearing. *Id.* at 166. The trial court is not required to go beyond the inmate's motion to determine whether a personal appearance is appropriate. *Id.*

Factors that courts consider include: (i) cost and inconvenience of transporting the prisoner to the courtroom, (ii) the security risk that the prisoner presents to the court and the public, (iii) whether the prisoner's claims are substantial, (iv) whether the case may be delayed until the prisoner is released, (v) whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by some other means, (vi) whether the prisoner's presence is important in judging his credibility and demeanor, (vii) whether the trial is to the court or to the jury, and (viii) the prisoner's probability of success on the merits. *Id*. at 165-66; *see also In re A.W.*, 302 S.W.3d 925, 929 (Tex. App.—Dallas 2010, no pet.); *Zuniga v. Zuniga*, 13 S.W.3d 798, 801 (Tex. App.—San Antonio 1999, no writ), *disproved on other grounds*, *In re Z.L.T.*, 124 S.W.3d at 166.

In his motion, Ussery advised the trial court that he was incarcerated in Lovelady, Texas and contended that his physical presence at trial was essential to a full and fair determination because of credibility and demeanor issues, the substantial value of the community property involved, and the parties' dispute as to whether certain assets were separate or community property. He also stated that he "presents no special security concerns, being a general population inmate of trusty three status" and that he had a substantial chance of success on the merits.

In its order denying his request, the trial court expressly considered relevant factors and set forth an alternative means for Ussery to participate in the trial. The trial court found and ordered:

a) The cost and inconvenience of transporting respondent to Williamson County cannot be borne by the parties and would necessarily be done at County expense.

b) The security risk presented by Respondent's appearance would be that associated with the transport of any prisoner.

c) This is a simple divorce case. No substantial issues of property have been raised by either party in this case.

d) It is not reasonable to delay this case until Respondent's release.

e) Respondent will be allowed to offer any evidence as to property and any other issues, by affidavit. Respondent is to send by mail any such written information he wants to bring before the Court. The Court will review such information as if presented by Respondent in evidence at the appropriate time, and will consider same in this deliberations.

f) The Court will continue to be mindful of the issues set out in *Zuniga*. If the facts are such that the presence of Respondent is necessary to determine credibility by demeanor or otherwise, arrangements for his appearance will be made.

In his motion, Ussery did not provide sufficient factual information that would allow the trial court to assess the necessity of his presence, and he did not address transportation costs or inconvenience. He also was given an alternative means to participate in the trial, and the trial court expressly ordered that his appearance at trial would be arranged if it became necessary. On this record, we cannot conclude that the trial court abused its discretion in balancing Ussery's request to be physically present at trial with "the protection of our correctional system's integrity." *See In re Z.L.T.*, 124 S.W.3d at 165. We overrule Ussery's second issue.

## CONCLUSION

Having overruled Ussery's issues, we affirm the divorce decree.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Henson

Affirmed

Filed:   December 2, 2010