

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00602-CV

Phyllis K. **PACHECO** and Mark Pacheco,
Appellants

v.

Larry W. **FREISENHAHN**, Jr., Manager and President of Freisenhahn Land Company, L.L.C.,
and General Partner of Freisenhahn Development Properties, LP,
Appellee

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 11-05-0460-B-CVA
Honorable Stella Saxon, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 30, 2014

AFFIRMED

Phyllis and Mark Pacheco appeal the trial court's judgment denying them reformation of a 2007 warranty deed. We affirm.

### BACKGROUND

In 2007, the Pachecos conveyed certain land in Atascosa County, Texas, to G-4 Enterprises, Ltd. ("G-4") by warranty deed. That deed shows the Pachecos reserved 25% of the mineral estate. In 2008, G-4 conveyed its interest in the mineral estate to Freisenhahn Development Properties, LP ("FDP") by warranty deed. At some time thereafter, the Pachecos became aware

that the 2007 warranty deed did not reflect what they believed was the agreement made between them and G-4.

The Pachecos filed suit against several persons and entities in relation to this alleged mistake, including Larry Freisenhahn in his capacity as FDP's general partner. As against Freisenhahn, the Pachecos sought reformation of the 2007 warranty deed on the basis of mutual mistake between them and G-4. They alleged that the deed should have reserved 75% of the mineral estate. They moved for summary judgment.

Freisenhahn filed a motion for summary judgment. In his motion for summary judgment, Freisenhahn argued that reformation was unavailable to the Pachecos because 1) FDP was a bona fide purchaser and 2) the Pachecos were seeking equity with unclean hands. Freisenhahn also contested the appellant's motion for summary judgment on the same grounds. The trial court denied the Pachecos' motion, granted Freisenhahn's motion, and severed the claim between the Pachecos and Freisenhahn into a separate cause.

## DISCUSSION

The Pachecos raise two issues on appeal. They argue 1) that the trial court should have granted their motion for summary judgment because they affirmatively established the necessary elements for reformation and 2) the trial court should have denied Freisenhahn's motion for summary judgment because there was a fact issue as to whether FDP was a bona fide purchaser. Nowhere in their brief do the Pachecos advance any argument that the trial court would have erred by granting summary judgment on the ground of "unclean hands."

Freisenhahn argues that the trial court's judgment should be affirmed because the Pachecos have not directly challenged the unclean hands ground on appeal and have not raised a general point of error that the trial court erred by granting Freisenhahn's motion for summary judgment.

"A party is entitled to equitable remedy of reformation upon proving the party had reached an agreement with the other party but the deed did not reflect the true agreement because of a mutual mistake." *Davis v. Grammer*, 750 S.W.2d 766, 768 (Tex. 1988). However, "a party seeking an equitable remedy must do equity and come to court with clean hands." *Truly v. Austin*, 744 S.W.2d 934, 938 (Tex. 1988). The doctrine of unclean hands permits the trial court to deny equitable relief to a party "whose own conduct in connection with the same matter or transaction has been unconscientious, unjust, marked by a want of good faith or violates the principles of equity and righteous dealing." *City of Fredericksburg v. Bopp*, 126 S.W.3d 218, 221 (Tex. App.—San Antonio 2003, no pet.). A party may raise unclean hands to defeat a suit for reformation. *See Davis*, 750 S.W.2d at 768.

The record shows the trial court considered both of Freisenhahn's grounds for summary judgment when it granted his motion and denied the Pachecos' without specifying its grounds for doing so. However, the Pachecos have not directly challenged the unclean hands ground or raised a general point of error that the trial court erred by granting Freisenhahn's motion for summary judgment. Instead, they challenge the summary judgment only on the ground that there is a fact issue as to whether FDP is a bona fide purchaser. We hold that the trial court's summary judgment in favor of Freisenhahn "must stand, since it may have been based on a ground not specifically challenged by the plaintiff and since there was no general assignment that the trial court erred in granting summary judgment." *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *see also Krueger v. Atascosa Cnty.*, 155 S.W.3d 614, 621 (Tex. App.—San Antonio 2004, no pet.) ("Unless an appellant has specifically challenged every possible ground for summary judgment, the appellate court need not review the merits of the challenged ground and may affirm on an unchallenged ground."). The Pachecos' second issue is overruled.

Because a suit for reformation is defeated by a finding of unclean hands, we overrule the Pachecos' first issue as well.

## CONCLUSION

The judgment of the trial court is affirmed.

Luz Elena D. Chapa, Justice