

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-19-00393-CV
_____

MELANIE LAKE ARRINGTON SMITH, APPELLANT

V.

WILLIAM M. ARRINGTON, INDIVIDUALLY AND AS EXECUTOR
OF THE ESTATE OF WILLIAM L. ARRINGTON, DECEASED, APPELLEE

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 38174; Honorable David L. Gleason, Presiding by Assignment

February 9, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

This interlocutory appeal involves a family feud spanning more than ten years. Appellant, Melanie Lake Arrington Smith, and her brother, Appellee, William Arrington, are involved in an ongoing legal battle over the distribution of property following the death of their mother and later, the death of their father. In 2016, one month after their father died, Smith sued Arrington individually and as executor of their father's estate, over the

distribution of the estate.  Three years into the dispute, Smith filed a *Notice of Lis Pendens* claiming an interest in certain real properties located in Gray and Carson Counties.  She contends she was denied her equal share of those properties initially through the misconduct of the father, in his capacity as executor of the mother's estate, and now, through the misconduct of her brother, in his capacity as executor of the father's estate.  Two businesses, WL & MM Arrington Partnership One, LTD and WL & MM Arrington Partnership Three, LTD (hereafter "the partnerships") intervened in the underlying suit, seeking to have the *Notice of Lis Pendens* removed and expunged.  By their petition in intervention, they also asserted a claim that Smith fraudulently filed the *lis pendens* notice, thereby creating a cloud on the title to real property belonging to the partnerships.

As between her and the partnerships, Smith invoked the Texas Citizens Participation Act (TCPA),[1] and filed a motion to dismiss the motion to expunge the *lis pendens* notice and the claim that it was fraudulently filed.  She later amended her motion. After a hearing, the trial court entered an order denying her motion to dismiss.

By three issues, Smith appeals that order and questions whether (1) filing the filing of a *lis pendens* notice is an exercise of petition and free speech rights that falls within the protections of the TCPA; (2) the partnerships defeated her affirmative defense of unclean hands; and (3) the hearing on her motion to dismiss was timely after the trial court granted an extension.  The partnerships contend (1) the TCPA does not apply, (2) Smith's motion to dismiss was not timely heard, (3) Smith waived whether they

---

[1] The TCPA was amended by the 86th Legislature.  *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1-9, 2019 Tex. Gen. Laws 684.  The Legislature specifically provided that chapter 27 of the Act "applies only to an action filed on or after the effective date" of September 1, 2019.  *Id.* at § 11.  The underlying suit was filed on December 14, 2016, prior to the effective date.  Thus, we will apply the statutes in effect at the time the underlying suit was filed.

established each essential element of their claims under the requisite standard of proof under the TCPA, and (4) Smith failed to establish the affirmative defense of unclean hands. Smith contests the partnerships' arguments in her reply brief. We affirm.

**BACKGROUND**

William L. Arrington and Margareta M. Arrington had two children, the two litigants in this case, Smith and Arrington. Over time, the parents amassed profitable oil and gas interests and other business interests. In 2007, they created WL & MM Arrington Partnership One, LTD, and in 2008, they created WL & MM Arrington Partnership Three, LTD, the intervenors in the underlying suit. The partnerships (One and Three) were designed to hold and manage the oil and gas properties of William L. and Margareta M. Arrington, and Smith was never a limited or general partner in either of those partnerships. The parents did, however, create the WL & MM Arrington Partnership Two, LTD, a limited partnership for the benefit of Smith. Smith contends, however, that after the mother's death, the father transferred assets out of Partnership Two to her detriment.

In 2008, Margareta suffered a stroke. Smith alleged that after the stroke, the father engaged in various business transactions that benefitted Arrington and which were unfavorable to her. Margareta passed away on August 26, 2009, and William was appointed independent executor of her estate. Under the terms of Margareta's will, she bequeathed her personal property to William if he survived and if not, then to the children in equal shares. She also included a provision that if William survived her, she left "all of [her] interest in all insurance policies on the life of [her] husband to [her] children in equal

3

shares."[2]  The remainder of Margareta's will gave the residue of her estate to two separate trusts—one-half to each trust.

In 2010, William executed a handwritten will revoking all prior wills and specifically disinheriting Smith and her descendants.  The will recited "I leave nothing to our daughter Melanie L. Arrington Smith . . . never shall anything go to our daughter."  On June 25, 2014, however, he executed a new will bequeathing Smith "the picture behind the piano, and all of my pictures of my daughter, her husband, her children, and grandchildren, including my daughter's wedding picture."  The 2014 will also left her all "oil, gas and other mineral interests located in the State of Oklahoma and all other real estate" owned in the State of Oklahoma which were held by WL & MM Arrington Partnership Two, LTD.[3]

Two years later, William passed away.  His *Last Will and Testament* appointed Arrington as Independent Executor of his estate.  Except for the specific bequests to Smith mentioned above, Arrington inherited the father's estate.

Dissatisfied with the management of the father's estate, Smith filed suit against Arrington, individually, and as executor of the estate on December 14, 2016.  By her live pleading (third amended petition) filed on March 16, 2018, she asserts that the father and Arrington consisted of "two generations of scheming, stealing, and self-dealing" that

___

[2] William obtained a life insurance policy on his life for $976,000 issued by Jackson National Life Insurance Policy naming Margareta as owner and beneficiary.  On her death, one-fourth of the policy proceeds were intended for Smith and one-fourth were intended for Arrington with the remaining one-half intended for William.  In a letter written by William on December 2, 2011, he indicated "I wanted to put my $448,000.00 in a Trust . . . so that when I die the $488,000.00 is [Smith's] to do whatever she wants to do with it . . . . [Smith] has never said 'thank you' or 'it's nice of you to want to give this to me' or anything else to show any appreciation."  Smith learned through discovery that William allowed the policy to lapse and that his efforts to reinstate the policy with Arrington as the sole beneficiary had failed.

[3] As executor of the father's estate, Arrington deeded the Oklahoma properties to Smith on April 1, 2018. Smith later discovered through Oklahoma drilling records that Arrington "had been unloading plugged, abandoned and depleted wells on her, in a transparent effort to saddle her with plugging costs and potential environmental liabilities."

violated the mother's wishes to distribute certain assets to both her children in equal shares. She alleges breach of fiduciary duty, negligence by the father for failing to maintain the Jackson National Life Insurance Policy, as well as fraud, fraudulent inducement, conversion, promissory estoppel, civil conspiracy, and undue influence by Arrington on the father.

With the litigation in this cause (Cause Number 38714) ongoing, Smith filed a *Notice of Lis Pendens* in Gray County, Texas, on April 1, 2019. The notice referenced this litigation and described twenty-three properties situated in Gray and Carson Counties, Texas. By letter, Smith's attorney advised certain oil and gas operating companies of a potential change in ownership and requested suspension of revenues and an accounting of revenues and expenses. The partnerships, who are not parties to the underlying suit between Smith and Arrington, filed their *Original Petition in Intervention* on June 3, 2019, and Smith was served that same date. By their petition, the partnerships sought to expunge and remove the *lis pendens*. The partnerships alleged the *lis pendens* was causing financial harm by interfering with lease agreements and was also suspending payment of royalties. The petition also alleged a claim for affirmative relief under section 12.007 of the Texas Property Code, alleging that the *lis pendens* was fraudulently filed. Additionally, the partnerships claimed they were never served with a copy of the notice as required by section 12.007(d) of the Texas Property Code.[4]

On June 20, 2019, Smith filed her original *Motion to Dismiss Under the TCPA* seeking dismissal of the partnerships' attempt to expunge the *lis pendens*. The

---

[4] Section 12.007(d) provides that the person filing the notice serve, within three days of the filing, a copy on "each *party* to the action who has an interest in the real property affected by the notice." TEX. PROP. CODE ANN. § 12.007(d) (West 2014). (Emphasis added). At the time of the filing of the *lis pendens*, the partnerships were not parties to the underlying suit.

partnerships were served that same date. Her *First Amended Motion to Dismiss Under the TCPA* was filed on August 2, 2019, and the partnerships were served that same date. The partnerships responded to Smith's amended motion on October 15, 2019, alleging it was moot because Smith had failed to obtain a hearing within sixty days of service of her original motion as required by the TCPA. The trial court held a hearing on Smith's amended motion to dismiss on October 17, 2019.

At the hearing, Smith argued that the TCPA applied to her filing of the *lis pendens* and that her amended motion to dismiss was timely heard. Smith presented an affirmative defense of unclean hands using a sword and shield analogy—the partnerships, who are represented by the same law firm as Arrington, who has been thwarting discovery, cannot now assert arguments based on facts resisted in the discovery process to establish their prima facie case.

In response to Smith's arguments, the partnerships claimed that a hearing should have been held within sixty days of Smith's original motion to dismiss served on June 20, 2019, and that the delay divested the trial court of jurisdiction to rule on the amended motion to dismiss served on August 2, 2019. Regarding the *lis pendens*, the partnerships asserted it was fraudulently filed because they are not parties to the suit between Smith and Arrington and because Smith did not assert any real property claims in her suit to support the filing of a *lis pendens*. As for the sword and shield analogy, the partnerships argued it was a red herring.

After arguments from counsel concluded, the trial court took the motion under consideration. It later issued its written order denying Smith's motion to dismiss under the TCPA from which Smith has pursued this interlocutory appeal.

**APPLICABLE LAW**

The Texas Citizens Participation Act is often characterized as an "anti-SLAPP" (Strategic Lawsuits Against Public Participation) statute. *See KBMT Operating Co. LLC v. Toledo*, 492 S.W.3d 710, 713 n.6 (Tex. 2016); *Serafine v. Blunt* (*Serafine I*), 466 S.W.3d 352, 365-67 (Tex. App.—Austin 2015, no pet.). Although the TCPA was amended effective September 1, 2019,[5] to narrow its application, its stated purpose remains to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West 2020); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017). To effectuate the purpose of the TCPA, the Legislature included an expedited manner of dismissing claims brought to intimidate or to silence a movant's exercise of certain enumerated First Amendment rights. § 27.003. *See Coleman*, 512 S.W.3d at 898.

A party moving to dismiss must show by a preponderance of the evidence[6] that another's "'legal action' is based on, relates to, or is in response to" the party's exercise of: (1) the right of free speech, (2) the right to petition, or (3) the right of association. § 27.005(b). "Legal action" is defined as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." § 27.001(6). If the movant demonstrates that the nonmovant's "legal

---

[5] *See supra* n.1.

[6] Preponderance of the evidence means the greater weight and degree of credible evidence that would create a reasonable belief in the truth of the matter. *Herrera v. Stahl*, 441 S.W.3d 739, 741 (Tex. App.—San Antonio 2014, no pet.). The 2019 amendments to the TCPA eliminated the "preponderance of the evidence" standard and now require a moving party to "demonstrate" that a legal action is "based on or is in response to" a party's exercise of certain enumerated First Amendment rights. *See supra* n.1.

action" implicates one of these rights, the burden shifts to the nonmovant to establish by clear and specific evidence[7] a prima facie case[8] for each essential element of the claim in question. § 27.005(c). Even when the nonmovant meets the burden, the trial court still must dismiss the lawsuit if the movant "establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claims." § 27.005(d).[9] In determining whether to dismiss a suit, the trial court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based. § 27.006; *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017).

STANDARD OF REVIEW

We review *de novo* a trial court's denial of a motion to dismiss and whether the parties met or failed to meet their respective burdens of proof under section 27.005. *See Cox Media Group, LLC v. Joselevitz*, 524 S.W.3d 850, 859 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (reviewing *de novo* the denial of a motion to dismiss under the TCPA).

---

[7] The TCPA does not define "clear and specific" evidence. Thus, the words "clear" and "specific" are given their plain or common meaning. *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015). Proof by clear and specific evidence is "more than mere notice pleading." *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (citing *In re Lipsky*, 460 S.W.3d at 590). A party must "provide enough detail to show the factual basis for its claim." *In re Lipsky*, 460 S.W.3d at 591. The TCPA does not impose an elevated evidentiary standard or categorically reject circumstantial evidence. *Id.* It does not impose a higher burden of proof than that required of the plaintiff at trial. *Id.* We note that the 2019 amendments did not alter the requirement of section 27.005(c) for the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of its claim.

[8] The legal meaning of a prima facie case is "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d at 590 (citing *Simonds v. Stanolind Oil & Gas Co.*, 134 Tex. 348, 136 S.W.2d 207, 209 (1940)). It is the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *In re Lipsky*, 460 S.W.3d at 590 (citing *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004)). Under the TCPA, a prima facie case requires "element-by-element, claim-by-claim exactitude." *Elite Auto Body LLC v. Autocraft Bodywerks, Inc.*, 520 S.W.3d 191, 206 (Tex. App.—Austin 2017, pet. dism'd). "Conclusory statements are not probative and accordingly will not suffice to establish a prima facie case." *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 355 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

[9] The 2019 amendments to the TCPA eliminated the preponderance of the evidence standard and added that a moving party establish "an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *See infra* n.1.

8

*See also Dallas Morning News*, *Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019) (reviewing *de novo* whether the parties satisfied their respective burdens of proof). In determining whether the nonmovant presented a prima facie case, we consider all the pleadings and the evidence in the light most favorable to the nonmovant. *See Warner Bros. Entm't*, *Inc. v. Jones*, 538 S.W.3d 781, 800 (Tex. App.—Austin 2017), *aff'd*, No. 18-0068, 2020 Tex. LEXIS 397 (May 8, 2020). *But see Fawcett v. Grosu*, 498 S.W.3d 650, 661 (Tex. App.— Houston [14th Dist.] 2016, pet. denied) (considering only the pleadings and evidence in favor of the nonmovant's case).

### ISSUE ONE—DOES THE TCPA APPLY?

The first step in a TCPA analysis under the former version is determining whether a movant demonstrated by a preponderance of the evidence that the TCPA applies to its claims. *Warner Bros. Entm't Inc.*, 538 S.W.3d at 800-01. A "communication" is the critical component of the First Amendment rights implicated in the TCPA. A "communication" is "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." § 27.001(1). The "exercise of the right to petition" is defined as a communication involving a judicial proceeding. § 27.001(4)(A)(i). The "exercise of the right of free speech" means a communication made in connection with a matter of public concern. § 27.001(3).

The former version of the TCPA casts a wide net. *See Adams v. Starside Custom Builders*, *LLC*, 547 S.W.3d 890, 894 (Tex. 2018). "Almost any imaginable form of communication, in any medium is covered." *Id*. (citing § 27.001(1)). In the underlying case, Smith filed a *lis pendens*—a communication related to a judicial proceeding. Smith's filing implicated the exercise of her right to petition. In response, the partnerships

9

filed their *Original Petition in Intervention and Motion to Expunge Lis Pendens*—a legal action. Thus, Smith established that the TCPA applied to the exercise of her right to petition and that she had authority to file a motion to dismiss under the TCPA. § 27.003(a). We agree with Smith that the TCPA applies. Our conclusion renders moot a discussion of whether her right of free speech was also implicated.

### ISSUE TWO—DID THE PARTNERSHIPS MEET THEIR BURDEN UNDER THE TCPA?

The next step in a TCPA analysis (under the former and current version) is to determine whether the nonmovants (the partnerships) met their burden to establish by clear and specific evidence a prima facie case for each essential element of the claim in question.[10] *See Jetall Cos. v. Van Dyke*, No. 14-19-00104-CV, 2019 Tex. App. LEXIS 3847, at *10-11 (Tex. App.—Houston [14th Dist.] May 14, 2019, no pet.) (mem. op.). *See also James v. Calkins*, 446 S.W.3d 135, 147-48 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). As the nonmovants, the partnerships were burdened with establishing a prima facie case of the elements of a claim of a fraudulent *lis pendens* under the requisite burden of proof. The Property Code permits a *lis pendens* to be filed by a party "during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." TEX. PROP. CODE ANN. § 12.007 (West 2014). In their response to Smith's motion to dismiss, the partnerships contend that Smith knew she had filed a fraudulent *lis pendens.* By their intervention, the partnerships sought expungement of the *lis pendens* under section 12.0071 of the Texas Property Code. § 12.0071(a) (West Supp. 2020). That statute provides that "a party to an action in connection with which a notice of lis pendens has

---

[10] The partnerships assert that Smith waived this issue by failing to address it in the trial court and on appeal. We discuss the partnerships' burden of proof as it provides a comprehensive understanding of the merits of this proceeding.

been filed may: (1) apply to the court to expunge the notice; and (2) file evidence, including declarations, with the motion to expunge the notice." *Id.*

Generally, a *lis pendens* protects the filing party's alleged rights to real property that is in dispute and puts those interested in the property on notice of a lawsuit. *David Powers Homes, Inc. v. M.L. Rendleman Co., Inc.*, 355 S.W.3d 327, 336 (Tex. App.— Houston [1st Dist.] 2011, no pet.). By their response to Smith's amended motion to dismiss, the partnerships produced overwhelming evidence that established that Partnership One owns the surface of the tracts of real property in Gray County and Carson County described in the *lis pendens* and Partnership Three owns the mineral interests underneath those same tracts of real property. They included Arrington's affidavit. He serves as the managing member and general partner of those partnerships and averred, among other facts, that the partnerships own the properties in question. He also averred that Smith has never been in the chain of title for those properties and she owns no interest in them. Deeds conveying the properties to the partnerships were also provided to establish ownership.

It is undisputed that Smith was disinherited by the father from any interest in the Gray County and Carson County properties. The partnerships presented a copy of a handwritten will from Smith and Arrington's father specifically disinheriting Smith, which he later revoked. They also produced the father's *Last Will and Testament* executed subsequent to the handwritten will which showed that Smith inherited, in addition to certain photographs, only certain oil, gas, mineral interests, and real estate in Oklahoma. Those properties were deeded to Smith and are not in dispute in the underlying suit.

11

The partnerships also offered a copy of Smith's live pleading in which she asserts claims for breach of fiduciary duty, negligence for the father's failure to maintain the Jackson National Life Insurance Policy, as well as fraud, fraudulent inducement, conversion, promissory estoppel, civil conspiracy, and undue influence by Arrington on the father. Nowhere in her live pleading does Smith assert a direct claim of ownership in the Gray County or Carson County properties which she encumbered by filing the *lis pendens*. *See In re Collins*, 172 S.W.3d 287, 293 (Tex. App.—Fort Worth 2005, orig. proceeding) (noting that the suit on which the *lis pendens* is based must claim a direct interest in real property, not a collateral one). As such, the partnerships presented clear and specific evidence of a prima facie case for each essential element of their claim of a fraudulent *lis pendens* sufficient to avoid dismissal of their legal action.

The final step in a TCPA case is the denial of a motion to dismiss unless the movant (Smith) establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovants' (the partnerships') claim. Notwithstanding that the partnerships met their burden to establish a prima facie case, the trial court still had authority to dismiss their legal action if Smith satisfied her burden to establish by a preponderance of the evidence each essential element of a valid defense to the partnerships' claim. § 27.005(d).[11] In this case, Smith contends the partnerships' claim of a fraudulent *lis pendens* is barred by the defense of unclean hands. By her amended motion to dismiss, Smith asserted, through a sword and shield analogy, that the

---

[11] The 2019 amendments to the TCPA eliminated the "preponderance of the evidence" standard for establishing an affirmative defense and added that the moving party must establish an "affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *See supra* n.1.

12

partnerships should be denied affirmative relief because they have unclean hands. Unfortunately, however, her motion is not supported by any affidavits or evidence.

"Unclean hands" may bar a party from obtaining equitable relief. *Davis v. Grammar*, 750 S.W.2d 766, 768 (Tex. 1988). "'Unclean hands' is an affirmative defense available when a plaintiff is seeking an equitable remedy." *In re Nolle*, 265 S.W.3d 487, 494 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Generally, however, the equitable defense of unclean hands is not applicable in an action for damages. *Id.*

Relying on this court's opinion in *Brecheisen v. Brecheisen*, No. 07-14-00105-CV, 2016 Tex. App. LEXIS 1814, at *16 (Tex. App.—Amarillo Feb. 22, 2016, pet. denied) (mem. op.),[12] Smith maintains that her motion to dismiss should have been granted. She contends that because the partnerships and Arrington are represented by the same law firm and because Arrington is "the decisionmaker for [the partnerships]," the partnerships have unclean hands. She also argues that the partnerships did not "meaningfully engage" her defense of unclean hands.[13]

The substance of Smith's argument rests on Arrington's successful efforts to resist her discovery requests in the underlying suit. She claims that she is being denied discovery of relevant information needed to support her case and that the partnerships now seek relief on their claim due to "alleged shortcomings of proof" on her part. The partnerships, however, are not involved in Smith and Arrington's discovery disputes.

---

[12] In *Brecheisen*, this court noted that the doctrine of "unclean hands" applies to "one whose conduct in connection with the same matter or transaction has been unconscientious, unjust, or marked by a want of good faith . . . ." 2016 Tex. App. LEXIS 1814, at *16.

[13] Smith argues the trial court should have granted her motion to dismiss because the partnerships failed to negate her affirmative defense of unclean hands. However, the TCPA does not require a nonmovant to negate a movant's affirmative defense. The nonmovant's burden in resisting a motion to dismiss is to establish a prima facie case of its claim. § 27.005(c)

Smith has not presented any evidence to support the elements of a valid defense of unclean hands by the partnerships. Thus, the trial court did not err in denying her motion to dismiss. § 27.005(d). Issue two is overruled.

### ISSUE THREE—WAS THE AMENDED MOTION TO DISMISS TIMELY HEARD?

Section 27.004(a) of the TCPA provides that a hearing on a motion to dismiss must be set not later than the sixtieth day after the date of service of the motion unless certain exceptions apply. § 27.004(a). One of those exceptions is if the docket conditions of the trial court require a later hearing. *Id.* The deadline for setting a hearing on a motion to dismiss under the TCPA is mandatory and failure to comply is a proper basis for denial of the motion. *Grubbs v. ATW Invs.*, *Inc.*, 544 S.W.3d 421, 424 (Tex. App.—San Antonio 2017, no pet.) (citing *Morin v. Law Office of Kleinhans Gruber*, No. 03-15-00174-CV, 2015 Tex. App. LEXIS 8799, at *9-11 (Tex. App.—Austin Aug. 21, 2015, no pet.) (mem. op.)).

In the underlying case, the partnerships served their *Original Petition in Intervention and Motion to Expunge Lis Pendens* on Smith on June 3, 2019. Smith filed her original motion to dismiss on June 20, 2019, however, a hearing on that motion was never set. Instead, on August 2, 2019, the sixtieth day after the filing of the partnerships' original petition, Smith filed her *Amended Motion to Dismiss Under the TCPA* and served it on the partnerships that same date. A hearing on the amended motion was held on October 17, 2019, seventy-six days after service of the amended motion to dismiss. The partnerships contend Smith's amended motion was filed in order to avoid having that motion overruled by operation of law. They contend that her original motion filed on June 20, 2019, triggered the beginning of the sixty-day deadline in which to set a hearing, making the October 17 hearing untimely. We disagree.

14

Smith, relying on Rule 65 of the Texas Rules of Civil Procedure,[14] maintains that her amended motion to dismiss filed on August 2, 2019, replaced her original motion and restarted the sixty-day period in which to hold a hearing. We agree with Smith that her amended motion to dismiss completely replaced her original motion, and even though it was filed on the sixtieth day after original service of their petition, it was timely filed because it was filed within sixty days after the date of service. § 27.003(b) (providing that a "motion to dismiss a legal action under [section 27.003] must be filed not later than the 60th day after the date of service of the legal action"). While the TCPA is silent on whether a motion to dismiss may be amended, it clearly provides a sixty-day window in which to file a motion to dismiss. We interpret that window as permitting an amended motion to be filed, so long as it is filed on or before the sixtieth day following service of the legal action.

Additionally, the only deadline in the TCPA for extending a hearing date is that "in no event shall the hearing occur more than 90 days after service of the motion . . . ." § 27.004(a). At the commencement of the hearing, the trial court announced "this is not within 60 days from the date of [service] of the motion; however it's not the fault of any party, and it's rather a scheduling problem for the Court, and I appreciate you-all waiting until today to hear it." Because the August 2 filing of the amended motion to dismiss was within sixty days of the date of the service of the intervention pleadings, it was timely. Therefore, the sixtieth day following the filing of the amended motion to dismiss was October 1, and the October 17 hearing extended that deadline by only sixteen days. We conclude that because the trial court found that the hearing was delayed beyond the sixty-

---

[14] Rule 65 provides that generally, a substituted instrument takes place of the original. TEX. R. CIV. P. 65.

day period due to conditions of the court's docket and not through the fault of any party and that the hearing occurred within ninety days from the date of service of the amended motion, the hearing was timely held. § 27.004(a). Issue three is overruled.

CONCLUSION

We find that the TCPA applies to Smith's *Notice of Lis Pendens* and that her *First Amended Motion to Dismiss Under the TCPA* was timely filed and heard. We also find that the partnerships established by clear and specific evidence each essential element of their claim and that Smith did not establish by a preponderance of the evidence each essential element of her defense of unclean hands. Accordingly, we conclude the trial court did not err in denying her motion to dismiss the *Original Petition in Intervention and Motion to Expunge Lis Pendens* filed by WL & MM Arrington Partnership Three, LTD and WL & MM Arrington Partnership One, LTD. The trial court's order is affirmed.

Patrick A. Pirtle
Justice

16